IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALESHA WARREN, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br><br>RESULTS CUSTOMER SOLUTIONS, LLC d/b/a RESULTS CX,<br><br>　　　　　　Defendant. | Civ. A. No. _____ |

**CLASS ACTION COMPLAINT**
**FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq*.**

Plaintiff Alesha Warren ("Plaintiff") alleges on behalf of herself and a putative class of similarly situated former employees by way of this Class Action Complaint against Results Customer Solutions, LLC d/b/a Results CX ("Defendant") as follows:

**NATURE OF THE ACTION**

1.　Plaintiff was terminated along with an estimated 300 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Defendant beginning on or about May 18, 2024.

2.　Defendant failed to give Plaintiff and those similarly situated employees 60 days' advance notice of their terminations, as required the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*., (the "WARN Act").

3.　Plaintiff seeks to enforce the WARN Act's statutory remedy of 60 days' back pay

and benefits for herself and those similarly situated, pursuant to 29 U.S.C. § 2104, for the Defendant's failure to provide WARN notice prior to their terminations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

5. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6. Plaintiff was employed by Defendant as a customer service representative from October 2020 until about May 18, 2024.

7. Plaintiff is a resident of the state of Ohio.

8. Plaintiff worked remotely, reporting to, and received assignments from Defendant's offices located at 333 N Lake Parker Ave., #2168, Lakeland, Florida 33801 ("Lakeland").

9. Defendant detailed Plaintiff to work specifically within an operating unit dedicated to exclusively serve one client, Humana Medicare (the "Operating Unit" or "Humana Medicare").

10. Plaintiff worked until on or about May 18, 2024, when she was notified of her termination, effective May 18, 2024 as a result of the shutting down of the Operating Unit due to the termination of that account.

11. At no time prior to May 17, 2024, did Plaintiff receive written notice that her employment would be terminated.

12. Plaintiff was terminated without cause.

13. Along with Plaintiff, an estimated 300 other employees of Defendant worked

exclusively for the Humana Medicare Operating Unit, at or reporting to the Lakeland site, and were terminated on or about May 18, 2024 or within 90 days of May 18, 2024, without 60 days' advance written notice.

### *Defendant*

14. Upon information and belief, Defendant operates a business that operates call centers, staffed by customer service agents who work handle calls for Defendant's customers.

15. Upon information and belief, Defendant is a Delaware limited liability company with its principal place of business located at 100 NE Third Ave, Suite 200, Fort Lauderdale, Florida 33301.

16. Upon information and belief, Defendant employed more than 100 full time employees who worked at, reported to, or received assignments from the Operating Unit until about May 18, 2024.

17. Upon information and belief, Defendant employed approximately 300 employees, including Plaintiff, to work within the Operating Unit, until about May 18, 2024 or within 90 days of May 18, 2024.

18. Upon information and belief, the Operating Unit functioned organizationally and operationally as a distinct product or service of Defendant.

19. Plaintiff and those similarly situated performed work supporting the functions of that Operating Unit.

20. Upon information and belief, Plaintiff and those similarly situated were all terminated as a result of the discontinuation of the work for the Humana Medicare client and of the Operating Unit as a part of its shutdown.

21. Upon information and belief, due to the distinct character of the Humana Medicare

work, and that of the Operating Unit, Defendant did not transfer or reassign Plaintiff or the other Operating Unit employees to other jobs as an alternative to terminating them.

22. Under the WARN Act, an employer must provide 60 days' notice before terminating 50 or more employees in a plant closing. As a result of ordering the discontinuation of the Operating Unit, Defendant terminated its Operating Unit employees within 90 days of May 18, 2024, which constituted plant closing without 60 days' notice, in violation of the WARN Act.

23. Although Defendant may have made it known to some employees that the operating unit would be shut down at some point in the future, Defendant denied them the benefit of 60 days' time in which to prepare, by virtue of written notice, as Congress requires.

24. Upon information and belief, on May 18, 2024 and within 90 days of that date, at least 300 affected employees of the Operating Unit who were entitled to WARN notice (including Plaintiff) suffered job losses as a result of the closing of the Operating Unit without adequate notice.

## REPRESENTATIVE AND CLASS ALLEGATIONS

25. Plaintiff brings this representative action for relief for violation of 29 U.S.C. § 2101 *et seq.*, suing for herself and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a), who worked for the Operating Unit at Lakeland, or reported to, or received assignments from the Operating Unit remotely, were terminated without cause within 90 days of May 18, 2024, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant and were "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

26. Plaintiff seeks to bring forward these claims utilizing the Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), to seek certification of an opt-out class (the "WARN Class").

27. The persons in the WARN Class identified above ("WARN Class Members") are

so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to be 300 individuals. On information and belief, the number and identity of the WARN Class Member are within the sole control of Defendant.

28. On information and belief, the rate of pay and benefits that were being paid to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

29. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of Defendant who worked at, received assignments from, or reported to the Operating Unit;

    (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause and without 60 days' advance written notice in violation of the WARN Act; and

    (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

30. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, who worked for the Operating Unit at Lakeland, or reported to, or received assignments from the Operating Unit remotely, and was terminated without cause within 90 days of May 18, 2024, due to the mass layoff and/or plant closing ordered by Defendant.

31. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendant decided to order a mass layoff or plant closing of the Operating Unit.

32. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the

WARN Act and other statutory employment claims.

33. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. This is particularly so in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and the damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

34. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

35. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF
**Violation of the WARN Act, 29 U.S.C. § 2104 *et seq*.**

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Defendant was an "employer," as that term is defined in 29

U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until it decided to order a mass layoff or plant closing of the Operating Unit.

39. At all relevant times, Plaintiff and the WARN Class Members were "affected employees" of Defendant as that term is defined by 29 U.S.C. § 2101(a)(5).

40. On or around May 18, 2024, Defendant ordered mass layoff or plant closing of the Operating Unit, as that term is defined by 29 U.S.C. § 2101(a)(2) and 20 C.F.R. § 639.3(j).

41. The mass layoff or plant closing of the Operating Unit resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees.

42. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant of the Operating Unit.

43. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

44. Defendant failed to give Plaintiff and the Class Members written notice that complied with the requirements of the WARN Act.

45. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

46. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

Dated: July 29, 2024

                            Respectfully submitted,

By: /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801

                                                         Telephone: (302) 654-0248
                                                         Facsimile: (302) 654-0728
                                                         E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner *(pro hac vice forthcoming)*
René S. Roupinian *(pro hac vice forthcoming)*
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

        *Attorneys for Plaintiff and the other similarly situated former employees*